## MRS. A. SWAN *vs.* J. F. COLBURN.

### APPEAL FROM COMMISSIONERS OF PRIVATE WAYS.

### APRIL TERM, 1885.

### JUDD, C. J.; McCULLY and AUSTIN, JJ.

An easement by user, so far as it depends on an award by grant, runs from date of the award, not from date of a Royal Patent on the award ; if it is based on a Kuleana Award, proof of user may run from a time antecedent to the award.

There may be a gate across a private way, without assertion of the right to close the way.

### OPINION OF THE COURT, BY McCULLY, J.

APPEAL from the Commissioners of Rights of Way and Water.

The plaintiff is the owner of a lot of land, held by Royal Patent, based on Land Commission award, in the district of Puukolo, Honolulu. It is an interior lot, not lying on any street. There is access to it now by a passage over defendant's land, between buildings, of about three feet wide. The plaintiff claims to be entitled, by prescriptive right, to a passage at this point of nine feet wide, which has been obstructed to this extent by a small building placed there by the defendant three or four years ago.

The plaintiff's patent, No. 1,623, is dated August 30, 1853, based on Land Commission Award No. 2,944 B, dated December

14, 1852. The defendant's patent is dated April 17, 1854, No. 1,645, based on Land Commission Award No. 670, dated April 10, 1849.

So far as the relation of dominant and servient estates or easements established by user depends on a paper title, they must be held to run from the date of award in the case of grants made by award, and not from the date of Royal Patents subsequently issued, based on the award. See the Act to provide for the dissolution of the Board of Commissioners to Quiet Land Titles, approved July 20, 1854, found on page 415 of the Civil Code, which, in Sec. 2, enacts that any award of the Land Commission, not appealed from within ninety days, * * * shall be a good and sufficient title to the person receiving such award, and shall furnish as good and sufficient a ground on which to maintain an action for trespass, ejectment or other real action, as if the claimant had received a Royal Patent for the same. See also *Bruns vs. Minister of Interior*, 3 Hawn., 783. The defendant's devisor died in 1869, the defendant and his co-devisee being then minors of the ages of ten and seven years respectively:

Assuming, for the present, that the kind of user which is sufficient to establish an easement of a right of way existed from the year 1852 to 1869, seventeen years, and thereafter during the minority of the devisees, and after they arrived at majority until three or four years ago, when this obstruction, a small building, was placed in the way, we are asked to consider, then, whether the progress of the user is suspended through the minority of the heir or devisee, whether the time before such suspension may be brought forward and added to the time running after it, and finally whether twenty years is required to complete a right by user in this Kingdom.

In *Rooke vs. Nicholson*, 1 Hawn., 288, the Court held that it would not be reasonable or necessary to require twenty years' continuous use to create a prescriptive right of way in this country, saying that to go back twenty years would indeed carry us into the region of chaos. This case was heard in 1856. To have gone back to the year 1836 would indeed have been going to a time prior to establishment of rights as regulated by modern law. And the Court held that proof of a user since 1846, the

date of the organization of the Government, ought to be regarded as a good foundation for a right by prescription. So much we quote in reply to the position taken by defendant's counsel, that the user could be counted to run only from the date of the patent, or, as we have already said, from the award. The plaintiff, Rooke, had only received a patent for his land in 1849, but the Court considered that his user from 1839, when he obtained a lease from the King and Premier, was to be reckoned in the time he was acquiring rights.

A grant of the land by the Government, by what is called a kuleana award, may well be considered, for the purpose of determining appurtenant rights, to be the confirmation of an equitable right previously existing in the grantee, and for this purpose, therefore, proof of user may run from a time antecedent to the granting of the award. This was so held in *Rooke vs. Nicholson*, as quoted above.

There is satisfactory evidence before us that there was a user of way, as claimed by the plaintiff, since the year 1846. Over twenty years would have elapsed prior to the death of Kalua Pakohana, and the right of way would be established by prescription.

In this view it will not be necessary to consider now the question whether the time of prescription was suspended during the minority of the devisees, or whether, in that case, the time of previous user should be added to the following period, or the whole time must be made after the minority of the heirs or devisees had passed, concerning all which questions we have found the authorities are conflicting.

The principal evidence relied on to rebut the proof of user, is that of a gate set up and maintained by Pakohana. But there may be a gate across a private way without an assertion of a right to close the way; and such appears to be the state of facts in this case. The gate was only closed at night, and this for the purpose of excluding wandering sailors and drunken persons from the interior close. There is no satisfactory evidence that Pakohana attempted to exclude the tenants of plaintiff's premises. There was a gate also in *Rooke vs. Nicholson*, but it was not considered

to be a claim to bar lawful egress to and egress from the premises entitled to the enjoyment of the way.

We confirm the judgment made by the Board of Commissioners for the plaintiff.

*W. R. Castle*, for plaintiff.

*A. S. Hartwell*, for defendant.

Honolulu, June 15, 1885.